**Motion to Dismiss Denied; Affirmed and Majority and Dissenting Opinions filed November 7, 2019.**



In the

# Fourteenth Court of Appeals

---

## NO. 14-17-00739-CV

---

### CENTER ROSE PARTNERS, LTD., INDIVIDUALLY AND DERIVATIVELY AS A MEMBER OF ROSE ACQUISITION LLC, DAVID FELT, NICOLE FELT, AND LLOYD HALL, Appellants

### V.

### JERRY W. BAILEY AND DAVID SONNIER, Appellees

---

**On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2014-32793**

---

### DISSENTING OPINION

The court's judgment denies the motion to dismiss filed by appellees Jerry W. Bailey and David Sonnier. Because I would grant this motion and dismiss for want of jurisdiction as to appellants Center Rose Partners, Ltd., David Felt, and Nicole Felt, I respectfully dissent.

After Center Rose, individually and derivatively as a member of Rose

Acquisition LLC, filed suit against Bailey, Sonnier, and Lloyd Hall, Bailey and Sonnier moved to compel arbitration. In their motion to compel, Bailey and Sonnier alleged that Center Rose was a member of Rose Acquisition LLC and that Rose Acquisition was governed by a Membership Agreement signed by appellant David Felt for Center Rose.[1] Bailey and Sonnier invoked arbitration pursuant to the arbitration provision contained in the Membership Agreement:

> If the parties have been unable to resolve any dispute or controversy arising out of this Agreement, then any such dispute or controversy shall be settled by arbitration in Houston, Texas by a panel of three arbitrators in accordance with the rules of the American Arbitration Association, **whose decisions shall be final, binding and non-appealable**. The three arbitrators shall be selected pursuant to the rules of the American Arbitration Association from a panel of independent and disinterested persons with at least five years [sic] experience in significant corporate, business or accounting matters. The expenses of both parties in the arbitration, including reasonable attorneys' fees and arbitration expenses, shall be paid by the prevailing party. If each party prevails in part, the arbitrators will determine the appropriate allocation of expenses among the parties. Judgement upon the award rendered by arbitrators may be entered in any court having jurisdiction thereof, and the parties consent to the jurisdiction of the Texas courts for this purpose.

(Emphasis added).[2]

After the trial court granted the motion to compel arbitration, Bailey and Sonnier, individually and derivatively as members of Rose Acquisition, instituted arbitration proceedings against Center Rose and the Felts. All these parties submitted to arbitration, and the arbitration panel issued its award.

---

[1] L.J. Black for Rose Acquisition also signed the Membership Agreement, as well as Bailey, Black, and Black's spouse.

[2] The Regulations for Rose Acquisition contain a virtually identical arbitration provision. The Regulations were signed by Black, Bailey, Hall, and David Felt for Center Rose.

After the panel issued its award, Bailey and Sonnier filed their motion to confirm the arbitration award in the trial court. Center Rose filed an application to vacate the arbitration award. The Felts filed a plea in intervention and an application to vacate the arbitration award.

The trial court denied Center Rose's application. The trial court issued a final judgment, incorporating by reference the arbitration award and adopting all of the findings contained in the award. Center Rose then requested findings of fact and conclusions of law, moved for reconsideration of its application to vacate, and moved for a new trial. The Felts (as nonparties) filed a motion to modify the judgment. Hall filed a motion for new trial. The trial court denied Center Rose's motion to reconsider and Hall's motion for new trial, as well as the Felts' motion to modify. Center Rose, the Felts, and Hall filed notices of appeal.

In their motion to dismiss, Bailey and Sonnier argued that this court lacks jurisdiction over Center Rose because Center Rose contractually waived the right to appeal. Bailey and Sonnier relied on the arbitration agreements in both the Membership Agreement and the Regulations,[3] which were signed by Center Rose. According to Bailey and Sonnier, in those provisions, Center Rose expressly agreed that the arbitration panel's "decisions shall be final, binding, and non-appealable."[4]

I agree with Bailey and Sonnier because I believe this panel's decision is controlled by *Bennett v. Commission for Lawyer Discipline*, 489 S.W.3d 58 (Tex. App.—Houston [14th Dist.] 2016, no pet). In *Bennett*, a client submitted a fee

---

[3] Bailey and Sonnier, individually and derivatively as members of Rose Acquisition, invoked the arbitration provision in the Regulations as the basis for their demand for arbitration against Center Rose and the Felts.

[4] Bailey and Sonnier further argued that the Felts also were bound by the waiver based on their express participation in the arbitration and their exercise of rights pursuant to the arbitration clauses.

dispute with his prior attorney to arbitration proceedings and prevailed. *Id.* at 63–64. The attorney retainer and dispute resolution agreement at issue included this arbitration provision:

> Our dispute shall be determined by arbitration in Houston, Texas before a panel selected by, and per the rules of the Houston Bar Association Fee Dispute Committee, in accordance with the laws of the State of Texas for Agreements made in and to be performed in Texas. "Disputes" shall include, without limitation, those involving fees, costs, billing, and breach of ethical or fiduciary duties. The arbitration shall be administered by the Houston Bar Association Fee Dispute Committee, pursuant to its Rules and Regulations. Judgment on the award may be entered in any court having jurisdiction and shall include an award for attorney's fees, and a premium charge if sought, along with any fees and expenses associated with the seeking of injunctive relief. . . . By the signatures on this contract, the Client and Bennett agree that **the arbitrator's decision in any such arbitration shall be binding, conclusive, and non-appealable** pursuant to the Rules and Regulations of the Houston Bar Association Fee Dispute Committee. **Please note that arbitration may result in the client's waiver of significant rights, such as the right to a jury trial, the possible waiver of broad discovery, and the loss of the right to appeal.**

*Id.* at 63 (second emphasis in orig.).

This court—when directly faced with the issue of whether the attorney had contractually foreclosed bringing an appeal from the district court's judgment confirming the arbitration award in favor of the client—construed the above language and held that the unambiguous arbitration agreement did not permit the appeal to an appellate court. *See id.* at 68–70. In doing so, we highlighted "Texas's fundamental public policy in favor of a broad freedom to contract, which allows parties to allocate risks as they see fit as long as their agreement does not violate the law or public policy." *Id.* at 69.

For better or worse, I cannot conclude that "non-appealable" here means

something different from "non-appealable" in *Bennett*. For this reason, I respectfully dissent from this court's denial of the motion to dismiss.[5]


/s/     Charles A. Spain
            Justice


Panel consists of Chief Justice Frost and Justices Spain and Poissant (Spain., J., dissenting).

---

[5] I encourage the Supreme Court of Texas to take this or a similar case and give guidance to how potential parties to an arbitration can—if they so desire—unambiguously agree to foreclose further review of an arbitral award, whether that be to an appellate arbitral panel, to the district court for anything other than confirmation of the award, or to an appellate court.